UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM HOWARD MELLOTT,
    Plaintiff,

v.                                       Case No.: 3:22cv23005/LAC/ZCB

FORT WALTON POLICE
DEPARTMENT,
    Defendant.
_____/

## REPORT & RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action by filing a civil rights complaint. (Doc. 1). On May 24, 2023, the Court pointed out deficiencies in Plaintiff's complaint and gave him an opportunity to correct the deficiencies by filing an amended complaint. (Doc. 15). Presently before the Court is Plaintiff's amended complaint. (Doc. 21). The Court is statutorily required to screen Plaintiff's amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions). Having reviewed the amended complaint, the Court believes dismissal is warranted for failure to comply with an order of the

Court and for failure to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(ii).[1]

## I. Background

Plaintiff's amended complaint names the Fort Walton Beach Police Department as the sole Defendant. (Doc. 21 at 1). According to the amended complaint, Plaintiff was walking on a public beach in May 2018. (*Id.* at 2). Once Plaintiff reached a suitable spot, he stopped and began to make a fire. (*Id.*). Moments later he was approached by three officers. (*Id.*). One officer, whom Plaintiff refers to as the "first officer," asked Plaintiff for his name, date of birth, and social security number. (*Id.*). The first officer then asked Plaintiff how he had gotten to the area of land that he was on. (*Id.*). Plaintiff responded that he accessed the land by way of the public park access. (*Id.*). The first officer went to see if Plaintiff's bike was at the public park access to verify Plaintiff's story. (*Id.*). Plaintiff waited with the other two officers. (*Id.*).

At this point, Plaintiff felt that he was being illegally detained and asked the officers if he had broken any laws. (*Id.*). A second officer responded, "No you

---

[1] Plaintiff was given an opportunity to file an amended complaint when a prior version was found deficient. (Doc. 15). Although Plaintiff has filed an amended complaint, he has not corrected all the deficiencies previously identified. Thus, dismissal is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

should be okay," and explained that they had received "a call for a possible trespass." (*Id.*). After almost thirty minutes, the first officer (who had gone to confirm if Plaintiff's bike was at the public access entrance) radioed the other officers telling them to detain Plaintiff. (*Id.* at 3). Plaintiff told the second officer that he "had been detained long enough already" and he would not consent to being handcuffed because he "had not done anything wrong." (*Id.*). When the officers did not let Plaintiff go, he ran from them. (*Id.*). The officers then tased Plaintiff. (*Id.*).

Plaintiff was transported to the Fort Walton Beach Hospital. (*Id.*). He was handcuffed to the bed while medical staff looked at an injury to his knee and checked his vitals. (*Id.*). After being checked at the hospital, Plaintiff was taken to the Okaloosa County Jail. (*Id.*). An officer at the jail was helping Plaintiff dress in the jail jumpsuit when he saw taser probes were still stuck to Plaintiff's torso. (*Id.* at 4). The officer called for the shift commander. (*Id.*). The shift commander took pictures of Plaintiff's torso and called medical to assist in removing the taser probes. (*Id.*). Medical removed the probes, which Plaintiff described as hurting "almost as much as being ta[s]ed." (*Id.*). Plaintiff was helped to and from his jail dorm because of his knee injury. (*Id.*).

Plaintiff spent the next two months at the Okaloosa County Jail. (*Id.*). Plaintiff was assigned a public defender to assist him in his state court case. (*Id.* at

5).  Plaintiff's public defender filed a successful motion to suppress, which resulted in the dismissal of the charges against Plaintiff.  (*Id.*).

In the current lawsuit, Plaintiff cites the Fourth, Fifth, Eighth, and Fourteenth Amendments as the basis for this 42 U.S.C. § 1983 action. (*Id.* at 1).  Plaintiff seeks $250,000 in damages and the payment of his medical bills.

## II.  Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted).  And "bare assertions" that "amount to nothing more than

4

a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

This case should be dismissed for three reasons. First, Plaintiff failed to comply with the Court's previous order. Second, the amended complaint fails to plausibly allege a claim against the Fort Walton Beach Police Department. Third, this action was filed after the statute of limitations expired.

In a prior order, the Court instructed Plaintiff that he must submit an amended complaint "using the Court-approved civil rights complaint form." (Doc. 15 at 11). Plaintiff was provided with the appropriate form. (*Id.* at 12) (directing the Clerk of Court to send Plaintiff a civil rights complaint form). Nevertheless, Plaintiff chose not to file his amended complaint on the proper form. As set out in this Court's Local Rules, "[t]he Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form." N.D. Fla. Loc. R. 5.7(A). The form serves several important purposes. Not only does it clearly and succinctly assist in laying out a plaintiff's claims, but the prior litigation portion of the complaint permits efficient consideration of whether a prisoner-plaintiff is entitled to pursue an action under the Prison Litigation Reform Act's "three strikes" provision, allows the Court to determine whether an action is related to (or should

be considered in conjunction with) another lawsuit, and enables the Court to determine whether any issues related in the current action have been previously decided by another judge. Plaintiff was warned that failure to comply with the Court's order would result in a recommendation of dismissal of this case. (Doc. 15 at 13). Nonetheless, Plaintiff failed to comply with the Court's order. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal if a "party fails to comply with an applicable rule or a court order").

The failure to use the Court's form was not the only instruction from the Court that Plaintiff failed to follow. In his amended complaint, Plaintiff names the Fort Walton Beach Police Department as the sole Defendant in this action. (Doc. 21 at 1). But the Court has already informed Plaintiff (Doc. 15 at 7-8) that a police department is not a proper party in this § 1983 case. As the Court previously instructed Plaintiff, the capacity to be sued in federal court is governed by the law of the state in which the district is located. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). Under Florida law, police departments lack the capacity to be sued. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995); *see also Dean*, 951 F.2d at 1214-15 ("Sherriff's departments and police departments are not usually considered legal entities subject to suit[.]"). Because of this legal rule, the Court's prior order told Plaintiff he needed to drop the Fort Walton Police Department as the named

Defendant in this action. (Doc. 15 at 7-8). But Plaintiff's amended complaint—like his initial complaint—names the Fort Walton Beach Police Department as a Defendant. It is, therefore, subject to dismissal. *See Turner v. Homestead Police Dep't*, 828 F. App'x 541, 544 (11th Cir. 2020) (affirming summary judgment for a police department in a § 1983 action "[b]ecause a police department is not an entity subject to suit").

Finally, Plaintiff's complaint is barred by the statute of limitations. Dismissal for failure to state a claim is appropriate if the allegations, taken as true, show that the plaintiff's claims are barred by the applicable statute of limitations. *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 945 (11th Cir. 2020). A district court may dismiss a *pro se* complaint filed *in forma pauperis* "as time-barred prior to service" if it "appear[s] beyond a doubt from the complaint itself that the [plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Joseph v. State Mut. Life Ins. Co.*, 196 F. App'x 760, 761 (11th Cir. 2006).

"For claims that originated in Florida, the statute of limitations period [for § 1983 claims] is four years." *Villalona*, 824 F. App'x at 946. Here, Plaintiff alleges the events underlying his complaint took place in May of 2018. (Doc. 21 at 2). This means Plaintiff had until May 31, 2022, at the latest, to file a § 1983 claim before the statute of limitations expired. Plaintiff filed this action in November of 2022—approximately six months after the four-year statute of limitations had run. (Doc. 1

at 13). The amended complaint provides no basis for believing that any events occurred that would have tolled the statute of limitations. Therefore, dismissal is warranted because the four-year statute of limitations had expired before Plaintiff filed this lawsuit. *See Lee v. Eleventh Judicial Cir. Of Fla.*, 699 F. App'x 897, 898 (11th Cir. 2017) (affirming dismissal at the screening stage of a § 1983 case that was brought beyond the statute of limitations).

## IV.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for failure to comply with a Court order and under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's amended complaint fails to state a claim upon which relief can be granted.

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 21st day of August 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate**

**judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**